In re TENNESSEE POOLS AND RECREATION, INC., Debtor.

TENNESSEE POOLS AND RECREATION, INC., Plaintiff,

v.

MR. POOLS, et al., Defendant,

v.

Ralph W. STANDBROOK, Third-party defendant.

Bankruptcy No. 382–02872.
Adv. No. 383–0291.

United States Bankruptcy Court,
M.D. Tennessee.

Dec. 23, 1983.

William Bracken Ingram, Nashville, Tenn., for plaintiff and third-party defendant.

Don Caulkins, Berry & Caulkins, Franklin, Tenn., for defendant.

## MEMORANDUM

GEORGE C. PAINE, II, Bankruptcy Judge.

The matter before the court concerns the resolution of questions arising out of a written contract between the plaintiff Tennessee Pools and Recreation, Inc. (hereinafter "Tennessee Pools") and Lantroop Contracting Company. Upon review of the testimony of the parties, stipulations, exhibits and the entire record, this court concludes that the defendants Mr. Pools, Inc. (hereinafter "Mr. Pools"), Steve Lantroop and Peggy Belew have breached this contract. The plaintiff is awarded $10.00 in nominal dam-

ages against Mr. Pools and $2,500.00 in punitive damages against each defendant. These defendants shall also pay all attorney fees and costs incurred by the plaintiff in this proceeding. The court further finds that the defendant Steve Lantroop's counterclaim for wages due from the plaintiff and third-party complaint for wages due from Ralph Standbrook should be dismissed.

The following shall represent findings of fact and conclusions of law pursuant to Federal Rule of Bankruptcy Procedure 7052.

█ The written contract at issue was entered into on September 2, 1982. In brief, the contract transferred certain property from the plaintiff to Lantroop Contracting Company in exchange for forgiveness of the plaintiff's indebtedness to Lantroop Contracting Company. The contract also provided that Lantroop Contracting Company would not compete with the plaintiff in Maury or Williamson County for a period of three years.[1] The defendants Peggy Belew and Steve Lantroop were the owners of Lantroop Contracting Company at this time and presently control and operate Mr. Pools. The plaintiff now alleges that Mr. Pools is bound by the aforementioned contract and has breached the non-competition clause. The record is undisputed that Mr. Pools has been operating in Maury and Williamson Counties.

The proof clearly reflects that the defendant Mr. Pools is an "alter ego" of Lantroop Contracting Company and is therefore bound by the non-competition agreement. The facts supporting this finding include: (1) both corporations have the same officers, (2) the property of Lantroop Contracting Company was transferred to Mr. Pools for no consideration, (3) all motor vehicles used by Mr. Pools were owned by and titled to Lantroop Contracting Company, (4) Mr. Pools was not incorporated and chartered until *after* Tennessee Pools insti-

tuted proceedings in state court to enjoin further operations by Mr. Pools, (5) Mr. Pools' advertising directed callers to the Lantroop Contracting Company's phone number, (6) the owners of Mr. Pools and Lantroop Contracting Company knew that Lantroop Contracting Company was prohibited from competing with plaintiff, and (7) Mr. Pools ceased operation and "sold out" following this court's recommendation that a preliminary injunction be entered against it. The court can therefore only conclude that Mr. Pools and Lantroop Contracting Company are one in the same.

The defendants nevertheless argue that, even if Mr. Pools is the *alter ego* of Lantroop Contracting Company, the contract was initially breached by Tennessee Pools. To support this theory, defendants presented the testimony of Mrs. H.T. Stiff who, together with her husband, was indebted to Tennessee Pools at the time Tennessee Pools and Lantroop Contracting Company entered into their contract and whose debt was assigned to Lantroop Contracting Company under the terms of this contract. Mrs. Stiff testified that Ralph Standbrook, the president of Tennessee Pools, telephoned her and said that she should not pay the indebtedness due Lantroop Contracting Company. The defendants claim this action constituted a breach of their contract with Tennessee Pools.[2]

Several factors militate against Mrs. Stiff's testimony. Mrs. Stiff has been under a doctor's care for some time and is extremely susceptible to stress. Furthermore, the debt owed by Mrs. Stiff has not yet been paid and Lantroop Contracting Company has filed a materialman's lien against the Stiff real estate pursuant to state law. Finally, Mr. Standbrook testified that the reason he phoned Mrs. Stiff was to tell her that Steve Lantroop would be collecting the debt since it had been assigned to Lantroop Contracting Company and that he would like to be present when

---

1. The reasonableness of the restriction on competition was not questioned in these proceedings.

2. It should be noted that according to the defendants, Tennessee Pools breached the contract in early October of 1982. Yet defendants' proof is that this alleged breach did not occur until late January of 1983.

the account was paid. Mr. Standbrook wanted to be present because he believed Mr. Lantroop had possession of Tennessee Pools' corporate minute book and the contract between plaintiff and Lantroop Contracting Company, which items Mr. Lantroop did in fact possess. Mr. Standbrook's call was overheard and verified by Marlene Getty.

The court accordingly finds that no breach was committed by plaintiff which would permit Lantroop Contracting Company to operate in Maury or Williamson County, Tennessee, in violation of the non-competition agreement.[3] Furthermore, because the contract between the parties is valid and enforceable, the court need not address Lantroop Contracting Company's allegations that Tennessee Pools is indebted to it since this debt was clearly cancelled in the accord and satisfaction contained in the contract.

■ Nor does this court find any validity in Mr. Pools' counterclaim against Tennessee Pools for alleged violations of Tenn. Code Ann. § 47–15–113 (1979), which forbids persons from procuring the breach of contracts. Mr. Pools, the successor to Lantroop Contracting, seeks to hold Tennessee Pools liable for interfering with an alleged oral contract between Mr. Pools and Dr. James Leach for construction of a swimming pool. This court, sitting as a court of equity, will not countenance such a claim in light of Mr. Pools' flagrant violation of the non-competition agreement, which this court has found binds Mr. Pools as the "alter ego" of Lantroop Contracting and which Mr. Pools' own attorney admits in his brief bound Mr. Pools. In any event, the testimony presented fails to support Mr. Pools' claim since no binding contract was ever entered into by Dr. Leach and Mr. Pools.[4]

The court also rejected the defendant Steve Lantroop's counterclaim against Tennessee Pools and third party complaint against Mr. Standbrook for some $16,500.00 from either Tennessee Pools or Mr. Standbrook.

Having resolved all issues in favor of Tennessee Pools, the court must now determine damages resulting from Mr. Pools' breach of the non-competition clause. It appears that Mr. Pools gained two contracts in violation of the non-competition agreement. According to the testimony of Mr. Lantroop, no profit was made on these jobs. Nonetheless, plaintiff is entitled to nominal damages. The court therefore awards nominal damages of $10.00 against Mr. Pools.

■ Tennessee Pools has also requested punitive damages. Based on the record as a whole, including what the court considers to be a willful and wanton disregard of Tennessee Pools' contractual rights, the court assesses punitive damages of $2,500.00 each against Mr. Pools, Steve Lantroop and Peggy Belew. Mr. Lantroop and Ms. Belew owned Lantroop Contracting Company and were well aware of the non-competition agreement. They nevertheless blatantly breached this agreement when they organized Mr. Pools to compete against Tennessee Pools in Maury and Williamson County.

Finally, the contract provides that attorney fees and costs may be awarded to a party seeking enforcement of the contract. The court will accordingly order counsel for plaintiff, within ten days of this Judgment, to prepare an affidavit of his time and any court costs and court reporter's fees in this matter. The final amount of fee and expenses awarded will be set by separate order.

IT IS, THEREFORE, SO ORDERED.

---

**3.** The court would note that on September 5, 1983, three days after the contract was signed, Lantroop Contracting Company advertised for business in Maury County.

**4.** A prerequisite for a cause of action under the statute is a valid contract. *Koehler v. Cummings,* 380 F.Supp. 1294, 1306 (M.D.Tenn. 1971).